UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**MICHAEL DROSKE, personally as
surviving spouse and as the Personal
Representative**

    **Plaintiff,**

v.                                                 **Case No: 5:10-cv-618-Oc-34PRL**

**VICTOR GARCIA-CANO,
REGULIZADORA MEXICANA SA CV,
RITCHIE BROS. AUCTIONEERS
(AMERICA), INC., JUAN AVIEL
BARRERA and B.F. FORWARDING,
INC.**

    **Defendants.**

### REPORT AND RECOMMENDATION[1]

In this wrongful death action, Plaintiff moves to compel the enforcement of a settlement with Defendant Victor Garcia-Cano (see Doc. 95), for which the Court was never notified.[2] In any event, Plaintiff seeks the payment of the settlement, with interest under Fla. Stat. § 627.4265, and an award of attorney's fees and costs for the filing of the motion. The Defendant has now responded and submits that it has in fact made payment to Plaintiff; that Fla. Stat. § 627.4265, which states that payment of a settlement shall be made within 20 days of the written agreement, is inapplicable because there is no "written" settlement agreement; and that no attorney's fees or costs should be awarded because the "delay" in payment was caused, in part, by the difficulty

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

[2] Notably, Local Rule 3.09(a), M.D. Fla., requires parties to immediately notify the Court of a settlement.

- 2 -

defense counsel had in obtaining a release from the Plaintiff, which he did not do until March 27, 2013 (see Doc. 99 and supporting exhibits, and Doc. 100, which is a copy of the settlement check).

On June 13, 2013, I held a hearing (which is incorporated by reference), at which time the Plaintiff confirmed that it had reached a settlement with the Defendant[3]; that although e-mail exchanges were made between the parties, there is no formal "written" settlement agreement; there is no written agreement setting forth the timing of payment by the Defendant; that the Defendant has now, in fact, made full payment on the settlement; and that the release sought by Defendant was not provided to Defendant until March 27, 2013.

On referral (Doc. 96), I recommend that the Plaintiff's motion be **denied.** First, there is no dispute that the Defendant has made payment on the settlement. Second, although payment was made some twenty-three days after obtaining an agreeable release from the Plaintiff[4], the Court agrees that Fla. Stat. § 627.4265, is inapplicable. As an initial matter (and setting aside the issue of whether the Court would even exercise its authority to enforce an unwritten settlement that it had no knowledge of – either that one had been reached or, more importantly, its terms), the Statute itself speaks to "any case in which a person and an insurer have agreed *in writing* to the settlement of a claim." Here, there is no "writing". Additionally, the Statute is further limited to a written agreement between a person (the Plaintiff) and an *insurer*. There is nothing in the pleadings to suggest that the Defendant, Victor Garcia-Cano, is an insurer. *See, e.g., Thomas v. Reeves Southeastern Corp.*, 472 So. 2d 493, 493-94 (2d DCA 1985). Lastly, on the

---

[3] The Plaintiff also reported that it reached a settlement with all of the remaining defendants, with the exception of Regulizadora Mexicana SA CV, which was never served. The Court directed Plaintiff to file a notice of settlement on or before June 21, 2013, and to state what the disposition of the case as a whole should be at that time.

[4] The parties agreed that the release was received on March 27, 2013, and the check for the settlement was made on April 19, 2013 (see Doc. 100).

- 3 -

issue of attorney's fees and costs, the Court notes that while Plaintiff complains about his difficulty communicating with the Defendant, it appears, by Defendant's filing (see Doc. 99), that Defendant was communicating with Plaintiff's counsel.  Further, with respect to the motion itself, there is no certificate of compliance with Local Rule 3.01(g), M.D. Fla.[5]  Upon a review of the motion and response in this case the undersigned notes that the need to comply with Rule 3.01(g) is only reinforced.[6]

Accordingly, I respectfully recommend that the motion (Doc. 95) be **DENIED**.

**IN CHAMBERS** in Ocala, Florida on June 13, 2013.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[5] Local Rule 3.01(g) requires that "[b]efore filing any motion in a civil case . . . the moving party shall confer with counsel for the opposing party . . ." and the motion should reflect that such a conference has occurred and the outcome of the conference.  Although there are limited exceptions to this rule, none apply here.

[6] This is not to suggest that the Defendant has no obligations.  To the contrary, if the Defendant had filed a timely response to the motion (see Local Rule 3.01(b)) or responded to the communications made to him as discussed in the Plaintiff's motion (assuming those to be true), then perhaps this matter could have been resolved short of a hearing and Order of the Court.